### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) A. SCHULMAN, INC., JOSEPH M. GINGO, ALLEN A. SPIZZO, CAROL S. EICHER, EUGENE R. ALLSPACH, DAVID G. BIRNEY, LEE D. MEYER, JAMES A. MITAROTONDA, ERNEST J. NOVAK, JR., and KATHLEEN M. OSWAWLD, ) ) ) ) ) ) ) ) Defendants. ) | Case No. _____ JURY TRIAL DEMANDED CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on February 15, 2018 (the "Proposed Transaction"), pursuant to which A. Schulman, Inc. ("A. Schulman" or the "Company") will be acquired by LyondellBasell Industries N.V. ("Parent") and LYB Americas Holdco Inc. ("Merger Sub," and together with Parent, "LyondellBasell").

2. On February 15, 2018, A. Schulman's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with LyondellBasell. Pursuant to the terms of the Merger Agreement, shareholders of A. Schulman will receive $42.00 in cash and one contingent value right per share.

3. On March 27, 2018, defendants filed a preliminary proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of A. Schulman common stock.

9. Defendant A. Schulman is a Delaware corporation and maintains its principal executive offices at 3637 Ridgewood Road, Fairlawn, Ohio 44333. A. Schulman's common stock is traded on the Nasdaq under the ticker symbol "SHLM."

10. Defendant Joseph M. Gingo ("Gingo") has served as Chairman of the Board, President, and Chief Executive Officer ("CEO") of the Company since 2008.

11. Defendant Allen A. Spizzo ("Spizzo") is a director of the Company.

12. Defendant Carol S. Eicher ("Eicher") is a director of the Company.

13. Defendant Eugene R. Allspach ("Allspach") is a director of the Company.

14. Defendant David G. Birney ("Birney") is a director of the Company.

15. Defendant Lee D. Meyer ("Meyer") is a director of the Company.

16. Defendant James A. Mitarotonda ("Mitarotonda") is a director of the Company.

17. Defendant Ernest J. Novak, Jr. ("Novak") is a director of the Company.

18. Defendant Kathleen M. Oswald ("Oswald") is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Non-party Parent is a company organized under the laws of The Netherlands and is a party to the Merger Agreement.

21. Non-party Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of A. Schulman (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of

February 13, 2018, there were approximately 48,585,153 shares of A. Schulman common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

29. A. Schulman is a leading international supplier of high-performance plastic compounds, composites, and resins headquartered in Akron, Ohio.

30. Since 1928, the Company has been providing innovative solutions to meet its customers' requirements.

31. The Company's customers span a wide range of markets, such as packaging, mobility, building and construction, electronics and electrical, agriculture, personal care and hygiene, sports, leisure and home, custom services, and others.

32. The Company employs approximately 5,100 people and has fifty-four manufacturing facilities globally.

33. On February 15, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with LyondellBasell.

34. Pursuant to the terms of the Merger Agreement, shareholders of A. Schulman will receive $42.00 in cash and one contingent value right per share.

35. According to the February 15, 2018 press release announcing the Proposed Transaction:

> LyondellBasell (NYSE: LYB), one of the largest plastics, chemicals and refining companies in the world, and A. Schulman, Inc. (NASDAQ: SHLM), a leading global supplier of high-performance plastic compounds, composites and powders, today announced that they have entered into a definitive agreement under which LyondellBasell will acquire A. Schulman for a total consideration of $2.25 billion. The acquisition builds upon LyondellBasell's existing platform in this space to create a premier Advanced Polymer Solutions business with broad geographic reach, leading technologies and a diverse product portfolio. . . .
>
> Under the terms of the agreement, LyondellBasell will acquire A. Schulman for a total consideration of $2.25 billion. LyondellBasell will purchase 100 percent of A. Schulman common stock for $42 per share in cash and one contingent value

5

right per share and assume outstanding debt and certain other obligations. In addition, the contingent value rights generally will provide a holder with an opportunity to receive certain net proceeds, if any are recovered, from certain ongoing litigation and government investigations relating to A. Schulman's Citadel and Lucent acquisitions.

LyondellBasell is using cash-on-hand to finance the acquisition. LyondellBasell expects to achieve $150 million in run-rate cost synergies within two years, primarily by leveraging its well-established approach to cost discipline and productivity, as well as its culture of operational, business and commercial excellence. Further, the acquisition is expected to be accretive to earnings within the first full year following close.

The combined businesses had revenues of $4.6 billion and adjusted EBITDA of $446 million over the last 12 months.

The proposed acquisition, which has been unanimously approved by the respective boards of LyondellBasell and A. Schulman, is subject to customary closing conditions, including regulatory approvals and approval by A. Schulman shareholders. The acquisition is expected to close in the second half of 2018.

### *The Proxy Statement Omits Material Information, Rendering It False and Misleading*

36. On March 27, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

37. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

38. The Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor, Citigroup Global Markets, Inc. ("Citi").

39. With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) the line items used to calculate (a) unlevered free cash flow, (b) EBITDA, (c) EBIT, and (d) NOPAT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40. With respect to Citi's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the calculated terminal values for the Company; and (ii) the inputs and

assumptions underlying the discount rate range of 9.0% to 10.1%.

41. With respect to Citi's Comparable Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Citi in the analysis.

42. With respect to Citi's Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Citi in the analysis.

43. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Further, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44. The Proxy Statement also fails to disclose whether any non-disclosure agreements executed by the Company and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

45. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

46. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy

7

Statement: (i) Background of the Merger; (ii) Recommendation of the A. Schulman Board of Directors and Reasons for the Merger; (iii) Opinion of A. Schulman's Financial Advisor; and (iv) Projected Financial Information.

47. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to A. Schulman's stockholders.

### COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and A. Schulman**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. A. Schulman is liable as the issuer of these statements.

50. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

51. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

52. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy

8

Statement and in other information reasonably available to stockholders.

53. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

54. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants acted as controlling persons of A. Schulman within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of A. Schulman and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have

had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

60. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

61. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: April 30, 2018

**LAW OFFICES OF JOHN C. CAMILLUS, LLC**

By: */s/ John C. Camillus*
John C. Camillus
P.O. Box 141410
Columbus, OH 43214
Telephone: (614) 558-7254
Email: jcamillus@camilluslaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800